PHILLIP A. TALBERT
Acting United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

DMITRIY SLAVIN
Trial Attorney
Counterterrorism Section
US Department of Justice
Washington, DC

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-0040 MCE |
|---|---|
| Plaintiff, | AMENDED STIPULATION AND [PROPOSED] PARTIAL UNSEALING AND PROTECTIVE ORDER RE: DISCOVERY MATERIALS |
| v. | |
| MURAT KURASHEV, | |
| Defendant. | |

### I.  STIPULATION

It is hereby stipulated and agreed by the parties and their respective counsel, as follows:

1. Discovery in the above-entitled case encompasses various reports, videos, photographs, the on-line communications and postings by the defendant and unindicted co-conspirators, among other materials.

2. The Discovery Materials ("Discovery Materials") to be produced were obtained by way of a multiple agency law enforcement investigation, including on-going undercover operations, open source searches, search warrants, and other legal process. Some of these materials, including the search warrant affidavits, provide specific details about sources and methods of on-going law enforcement

STIPULATION AND PROTECTIVE ORDER         1

1  investigations into individuals other than the defendant, as well as, personal identifying information.

2    3. The FBI obtained ten (10) search warrants ("Search Warrant Materials") in the Eastern District of California for various social media accounts and other electronic media, Kurashev's residence, vehicles, electronic devices used by the defendant and the defendant's person.  These search warrants remain under seal.  The United States requests that the Court allow disclosure of the sealed Search Warrant Materials, to counsel for defendant Murat Kurashev.  The government will provide counsel with the documents filed pertaining to these search warrants.  No action is required by the Clerk's Office at this time, and the government requests that the Search Warrant Materials remain sealed on the ECF system.

  4. This Court may for good cause subject criminal discovery to a protective order, under the Federal Rules of Criminal Procedure, EDCA Local Rule 141.1, and its general supervisory authority. Federal Rule of Criminal Procedure 16(d)(1) expressly authorizes the Court to issue protective orders: "At any time, the court may for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief.  Courts have held that there is good cause to enter a protective order under Rule 16(d) where the discovery at issues reveals details, sources, and methods of on-going law enforcement investigations." See e.g. <u>United States v. Panas</u>, 738 F.2d 278, 285-86 (8th Cir. 1984); <u>United States v. Smith</u>, 985 F.Supp. 2d 506, 531 (S.D.N.Y. 2013).

  5. The Discovery Materials in this case are classified as either "General Discovery Materials" or "Sensitive Discovery Materials."  Broadly, Sensitive Discovery Materials include but are not limited to the following: the personal identifying information of any person, including financial account numbers, other than the defendant, any information that would reveal ongoing law enforcement investigations, and the sealed Search Warrant Materials.  More specifically, Sensitive Discovery Materials also includes information that contains references to law enforcement agencies other than the FBI, contains any communications involving undercover law enforcement employees, reveals the social media platforms used by law enforcement agencies, or reveals any other details, sources, and methods of on-going investigations.  General Discovery encompasses all other information provided by United States during the discovery process.

  6. The parties agree that a protective order in this case is appropriate to protect Sensitive

Discovery Materials. The United States will clearly delineate which materials provided are General and Sensitive Discovery Materials. If, after reviewing the discovery, the defense disagrees with any designations, the parties will meet and confer to attempt to resolve the disputes. If the parties cannot resolve the dispute, the defense reserves the right to challenge the designation in court.

7. Counsel shall not disclose any of the Sensitive Discovery Materials to any person or entity other than their client, Murat Kurashev or attorneys, law clerks, paralegals, secretaries, experts, consultants, interpreters, or investigators involved in the representation of counsel's client in this case. The Sensitive Discovery Materials may not be disseminated to any witness or potential witness without further authorization from the Court.

8. The Sensitive Discovery Materials may only be used in connection with the potential litigation associated with these materials and for no other purpose until further order of the Court. The Sensitive Discovery Materials are now and will forever remain the property of the United States Government. Kurashev's Counsel will return the Sensitive Discovery Materials to the United States or certify that it has been shredded or otherwise destroyed at the conclusion of the case.

9. Counsel shall store the Sensitive Discovery Materials in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement. Counsel shall also store the General Discovery Materials in a secure location and take care to avoid inadvertent disclosure. Counsel shall ensure that any documents within the General Discovery Materials that will be sent to a detention facility are appropriately redacted to protect third parties.

10. If counsel releases custody of any of the Sensitive Discovery Materials, or authorized copies thereof, to any person or entity described in paragraph 7, counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and contempt of court.

11. Sensitive Discovery Materials, while in the custody and control of counsel, may be reviewed by Murat Kurashev. It may also be reviewed by investigators and translators/interpreters on staff or formally hired by counsel. Murat Kurashev is prohibited from copying the Sensitive Discovery

Materials or maintaining personal copies of them.

12. Counsel shall each be responsible for advising their client, employees, and other members of the legal team of the contents of this Stipulation and Order. Counsel shall obtain a signed statement from each individual listed in paragraph 7 indicating their agreement to abide by the terms and conditions of this order and provide copies of those statements to the United States.

13. This stipulation and order shall not prevent Counsel for Kurashev from otherwise using the General and Sensitive Discovery Materials to investigate or prepare for its case. Defense counsel may use the General and Sensitive Discovery Materials to support any motion, direct examination, cross-examination, etc., but may not attach any of the Sensitive Discovery Materials as an exhibit to any motion without an accompanying motion to seal. Furthermore, any references to the Sensitive Materials must be appropriately anonymized or redacted in any public filing. Counsel for the parties will meet and confer prior to any such filing.

IT IS SO STIPULATED.

Dated: July 29, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney

/s/ HAYES GABLE
HAYES GABLE
Counsel for Murat Kurashev

**[PROPOSED] ORDER**

For good cause shown, the stipulation of counsel in the above-entitled case, is approved and

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Date: July 29, 2021

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE