1  PHILLIP A. TALBERT
   Acting United States Attorney
2  HEIKO P. COPPOLA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          CASE NO.  2:21-CR-00040 KJM

12                    Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                        TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                        FINDINGS AND ORDER

14  MURAT KURASHEV,                     DATE: January 27, 2022
                                        TIME: 10:00 a.m.
15                    Defendant.        COURT: Hon. Kimberly J. Mueller

16

17                            **BACKGROUND**

18        This case is set for status hearing on January 27, 2022 and time was excluded through that date

19  by the previously assigned Senior District Judge.  ECF 32.

20        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

21  Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise

22  his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the

23  court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the

24  exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any

25  judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that

26  Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the

27  extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13,

28  2020).  This and previous General Orders were entered to address public health concerns related to

1   COVID-19.

2        Although the General Orders address the district-wide health concern, the Supreme Court has

3   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

4   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

5   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

6   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

7   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

8   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

9   or in writing").

10       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

11   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

12   justice continuances are excludable only if "the judge granted such continuance on the basis of his

13   findings that the ends of justice served by taking such action outweigh the best interest of the public and

14   the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

15   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

16   the ends of justice served by the granting of such continuance outweigh the best interests of the public

17   and the defendant in a speedy trial."  *Id.*

18       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

19   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

20   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

21   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

22   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

23   recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

24   *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

25   following the September 11, 2001 terrorist attacks and the resultant public emergency).

26       The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

27   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

28   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for status hearing on January 27, 2022.  Time was also excluded pursuant to Local T-4 up to and including January 27, 2022. ECF 32.

2.     By this stipulation and because of the reassignment of this case to the Chief District Judge, defendant now moves to continue the status hearing until January 31, 2022 and to exclude time between January 27, 2022, and January 31, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.     The parties agree and stipulate, and request that the Court find the following:

a)     Discovery in this case is voluminous.  To date, the United States has produced business and financial records, video evidence, photographs, law enforcement reports, and search warrant affidavits under the terms of a protective order.  Consistent with its on-going discovery obligations, the government will continue to produce additional discovery materials in the coming weeks.  All of this discovery has been either produced directly to counsel and/or made

1    available for inspection and copying.

2          b)      Counsel for defendant was recently retained and desires additional time to review

3    the charges, consult with his client, review the already produced discovery with his client, and

4    otherwise prepare for trial.

5          c)      Counsel for defendant believes that failure to grant the above-requested

6    continuance would deny him/her the reasonable time necessary for effective preparation, taking

7    into account the exercise of due diligence.

8          d)      The government does not object to the continuance.

9    e)      In addition to the public health concerns cited by the General Orders and presented by the

10   evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

11   f)      Based on the above-stated findings, the ends of justice served by continuing the case as

12   requested outweigh the interest of the public and the defendant in a trial within the original date

13   prescribed by the Speedy Trial Act.

14         g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

15   et seq., within which trial must commence, the time period of January 27, 2022 to January 31,

16   2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

17   T4] because it results from a continuance granted by the Court at defendant's request on the basis

18   of the Court's finding that the ends of justice served by taking such action outweigh the best

19   interest of the public and the defendant in a speedy trial.

20   4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

21   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

22   must commence.

23         IT IS SO STIPULATED.

1   Dated:  November 17, 2021                   PHILLIP A. TALBERT
                                                Acting United States Attorney

2

3                                               /s/ HEIKO P. COPPOLA
                                                HEIKO P. COPPOLA
4                                               Assistant United States Attorney

5

6   Dated:  November 17, 2021                   /s/ HAYES H. GABLE, III
                                                HAYES H. GABLE, III
7                                               Counsel for Defendant
                                                Murat Kurashev

8

9

10

11                          **FINDINGS AND ORDER**

12

13          IT IS SO FOUND AND ORDERED.  The status hearing is RESET for January 31, 2022, at

14   9:00 a.m., the time between January 27, 2022, and January 31, 2022, is excluded under 18 U.S.C.

15   § 3161(h)(7)(A), B(iv) [Local Code T4].

16   DATED:  November 19, 2021.

17

18                                               CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28