```
HAYES H. GABLE III
Attorney at Law
State Bar No. 60368
1001 G Street. Suite 104
Sacramento, CA 95814
Telephone:  (916) 446-3331
Facsimile:  (916) 447-2988
hhgable@gmail.com
Attorney for Defendant
MURAT KURASHEV
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>MURAT KURASHEV,<br><br>　　　　Defendant. | Case no. 2:21-cr-00040 KJM<br><br>**MOTION FOR BAIL REVIEW**<br><br>Date: April 28, 2022<br>Time: 2:00 p.m.<br>Judge: Hon. Allison Claire |
|---|---|

**PLEASE TAKE NOTICE THAT** on April 28, 2022, at the above time and place, defendant, MURAT KURASHEV, by and through his counsel of record, HAYES H. GABLE III, will and hereby does move to reopen his detention hearing in order to obtain release pending trial in accordance with the Bail Reform Act, 18 U.S.C. § 3141 et seq.

**MOTION**

Defendant, MURAT KURASHEV, moves pursuant to 18 U.S.C. § 3142 to reopen the detention hearing in the above-entitled action and for release pending trial in accordance with the Bail Reform Act.  Mr. Kurushev asks to present additional information, not available to his previous attorney, at the time of the hearing,

MOTION FOR BAIL REVIEW

1

bearing on the question of whether there are conditions that may be set to reasonably assure Mr. Kurashev's appearance at trial and/or the safety of the community.

This motion is supported by the attached memorandum of points and authorities.  It may be further supported by evidence and/or argument offered at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.  Factual and Procedural Background

1. *Background*

Briefly, the Court has denied defendant's request for release because there was no security offered to assure Defendant's return to court, and he was determined to be a danger to the safety of the community.

The defendant is charged in an indictment with a single count of Attempting to Provide Material Support to a Foreign Terrorist Organization between July 2020 and February 2021, in violation of 18 U.S.C. § 2339A(b)(1).

Mr. Kurashev immigrated to the United States from Russia with his wife and three young children, ages 9, 7, and 2 ½, in November 2018.  They were fleeing religious persecution in Russia (they are Muslim) and had sought the assistance of an organization that helps individuals seeking asylum.

They first traveled Tijuana, Mexico, where they waited for one month, before they were allowed to enter the United States. Once they arrived in the United States, the defendant started the process of applying for asylum for himself and his family. An immigration officer was assigned to the case and the defendant was ordered to report periodically to him as well as maintain

employment.

The defendant did find work in Sacramento with Sergery Karanecku, dba Infinity Planning, a construction company specializing in painting, cabinet work and flooring. He has worked there for over three years and it has been confirmed that he can return to work there upon his release.

2. *Subsequent Developments*

Mr. Kurashev has retained the services of the Friedman Law Firm in connection with his asylum case. Mr. Samuel Karapetyan, the office manager and paralegal at the firm, has offered to put up his residence as collateral to secure the presence of Mr. Kurashev at subsequent judicial proceedings. He will execute and record a deed of trust in favor of the Government in the amount of $400,000. The property is appraised at $600,000, with a first deed of trust in the current amount of $118,990.

Third-party custody is also available, with Mr. Kurashev's wife. He is most anxious to be able to provide an income to assist her in raising the three children

B. **Considerations Affecting Release**

As this Court is aware, the Bail Reform Act of 1986 favors release in all but a few cases. Any "[d]oubts regarding the propriety of release should be resolved in favor of defendants." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990.)

Conditions of release range from release on personal recognizance or unsecured bond, subd. (b), to "the least restrictive further condition, or combination of conditions,

that [the]judicial officer determines will reasonably assure the appearance of the person as required," Id. subd. (c).

Where a rebuttable presumption arises that there is no condition or combination of conditions that would ensure the appearance of the defendant or the safety of the community, The presumption shifts only the burden of *production* and not *persuasion* to the defendant. *See United States v. Chen*, 820 F.Supp. 1205 (N.D. Cal. 1992). Once the defendant produces "some credible evidence" showing reasonable assurance of appearance and/or no danger to the community, the burden of proof remains on the government to prove risk of flight and danger to the community. *See United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir. 1990). The government's burden to show flight risk is by a clear preponderance of the evidence. To detain a defendant as a danger to the community, the government must establish by clear and convincing evidence that there are no conditions of release that would reasonably assure the safety of the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Gerbo*, 948 F.2d 1118, 1121 (9th Cir. 1991); 18 U.S.C. § 3142(f).

The weight of the evidence against the defendant is the least important factor for the court to consider in making its determination. *Motamedi*, 767 F.2d at 1408. If evidence

MOTION FOR BAIL REVIEW

of guilt is weak, however, that "becomes an important factor favoring release." *Chen*, 820 F.Supp at 1207-1208.

**C. Argument**

In sum, the circumstances of this case militate in favor of release. Mr. Kurashev's paralegal has agreed to post property for his release. And, Mr. Kurashev's wife will agree to take third-party custody of him. This should be ample to secure his appearance. His prior record does not indicate that he would be a danger to the community.  He has full-time employment available.

Dated: April 16, 2022

                        Respectfully submitted,

                        /s/Hayes H. Gable, III
                        HAYES H. GABLE, III
                        Attorney for Defendant