PHILLIP A. TALBERT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MURAT KURASHEV, <br><br> Defendant. | CASE NO.  2:21-CR-00040 KJM <br><br> APPLICATION AND MEMORANDUM FOR CONTINUED STAY OF MAGISTRATE JUDGE'S RELEASE ORDER PENDING FINAL DISPOSITION OF THE GOVERNMENT'S MOTION FOR REVOCATION AND [~~PROPOSED~~] ORDER <br><br> COURT: Hon. Kimberly J. Mueller |
|---|---|

## I.     APPLICATION AND INTRODUCTION

The United States of America files this application for stay of U.S. Magistrate Judge Jeremy Peterson's order, setting bond conditions of release for defendant Murat Kurashev ("Kurashev" or "defendant") pending a hearing on the government's motion to revoke that order.  Judge Peterson ordered that the United States file is motion to revoke conditions of release with the District Court no later than 5:00 p.m. on June 13, 2023 and stayed his release order until the same date.  This Court is the only court that may consider the motion to revoke the release order of Magistrate Judge Peterson.  18 U.S.C. § 3145(a).  The government hereby moves to continue the stay of Magistrate Judge Peterson's release order pending this Court's final disposition of the United States' motion for revocation.

## II.     BACKGROUND

Kurashev is charged in the single-count indictment with attempted material support to a designated foreign terrorist organization in violation of 18 USC § 2339B for sending approximately

$12,000 to Hayat Tahrir al-Sham (HTS).[1]  ECF 1.  The defendant's next hearing is a status conference before the District Court on June 26, 2023.

On June 7, 2023 the defendant appeared before Magistrate Judge Peterson for argument on his renewed bail review motion, after his previous two prior bail review motions had been denied.  ECF 91.  Kurashev, a citizen of Russia with no lawful status in the United States, proposed that the Court release him on the posting of $45,000 in cash, two vehicles, among other conditions of release.  Despite the United States having presented substantial factual evidence in support dangerousness and Kurashev's lack of significant ties to the community Judge Peterson ordered Kurashev's release.[2]  ECF 91.  Judge Peterson granted the government's motion for a stay of the release order in part until June 13, 2023 and further ordered the that the United States file is motion to revoke no later than 5:00 p.m. on June 13, 2023.  ECF 92.  Kurashev remains in custody however the final portion of the secured bond was posted with the Court Clerk on June 12, 2023.

The government will file its motion to revoke the release order pursuant to 18 U.S.C. § 3145 by 5:00 p.m. on June 13, 2023.  The basis for the revocation motion is that Kurashev, who is charged with a federal terrorism offense, did not overcome the presumption that he is a both a danger and flight risk and that no condition or combination of conditions provides sufficient assurances of his future appearance.

### III.    ARGUMENT

**A.    Law**

This Court has the authority to authorize the stay.  Pursuant to 18 U.S.C. § 3142(f), a defendant

---

[1] At all times relevant to the offense conduct, HTS was a designated foreign terrorist organization as defined in 18 U.S.C. § 2339B(g)(6).  Kurashev directly communicated with Fayzimatov and used intermediaries provided by Fayzimatov to send funds to HTS.  Faruq Fayzimatov later became individually designated as a Specially Designated Global Terrorist for his fundraising and recruitment activities on behalf of HTS.  Fayzimatov's designation pursuant to E.O. 13224, as amended, was for having materially assisted, sponsored, or provided financial, material, or technological support for, or goods, or services to or in support of HTS.

[2] The United States hereby incorporates by reference its prior pleadings opposing release which detailed the defendant's increasing radicalization, potential mobilization to violence, consumption of violent extremist content, communications with Fayzimatov, and financial support for a designated foreign terrorist organization as well as flight risk.  *See* ECF 42, 70, 80, and 89.  The United States also incorporates by reference the sealed Affidavit in Support of Search Warrant for Kurashev's residence, issued by Magistrate Judge Claire, that was executed contemporaneously with Kurashev's arrest on or about February 19, 2021.  The affidavit has been provided to the defendant in discovery under the terms of a protective order. *See* EDCA Case Number 2:21-SW-0110AC and KURASHEV_SENSITIVE_00000623-000702 ("Affidavit").

may be detained pending completion of the detention hearing. Congress expressly identified a clear public interest in permitting review of a magistrate's release order pursuant to Section 3145. Requiring release pending review by the district court would frustrate the very purpose of this review. *United States v. Huckabay*, 707 F. Supp. 35, 37 (D.Me. 1989). Subsection 3145(a) mandates a prompt review of the motion to revoke, thereby providing a reasonable safeguard against unduly extended detention during review. As the *Huckabay* court explained, there is nothing in the statute or in its legislative history to suggest that Congress intended to deny the district court a reasonable opportunity to inform and exercise its discretion, which necessarily contemplates a hearing and/or de novo consideration of the record presented before the magistrate. *Id*. at 37. Moreover, Section 3142(f) incorporates the important Congressional aim of assuring meaningful review of release orders, inasmuch as subsection 3142(f) permits detention "pending completion of the [detention] hearing," which reasonably includes a limited period for prompt review of the magistrate's release order under subsection 3145(a). *Id*. In this case, there should be no concerns over a prompt review by the District Court since Judge Peterson ordered the government's motion to revoke filed seven days earlier than provided by this Court's rules. *See* Eastern District of California Local Rule 430.1(j); *See also* Local Rule 303(b) and (c).

The authority for staying the release order is also found within the provisions of 18 U.S.C. § 3142(d), which provides for temporary detention pending the revocation of an order for conditional release. *United States v. Geerts*, 629 F.Supp. 830, 831 (E.D.Pa. 1985).

**B.**     **A continued stay is appropriate**

In *Nken v. Holder*, 566 U.S. 418, 434 (2009), the Supreme Court noted that the traditional standard for a stay has four elements: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." (citations omitted).

Here, the United States presented strong evidence of the defendant's dangerousness and flight risk to the magistrate judge. In fact, Judge Peterson's initial granting of stay, although not for the length of time requested by the United States, bolsters the proposition that the government's motion to revoke the release order is likely to succeed on the merits. Specifically, the United States presented evidence

GOVERNMENT'S APPLICATION FOR CONTINUED STAY OF RELEASE ORDER

3

related to Kurashev's increasing radicalization, potential mobilization to violence, consumption of violent extremist content, and his sending thousands of dollars in support of a designated foreign terrorist organization, all while on ICE location monitoring. The irreparable harm in this case and where the public interest lies rests primarily with the defendant's dangerousness.  The intent of Kurashev's significant financial support of HTS was designed specifically to harm people or communities.  One does not fund a foreign terrorist organization's purchase of weapons and military equipment for altruistic purposes.  The risk of Kurashev's return to such activities while released is simply too great on this record.  Finally, Kurashev will not be substantially injured by a short extension of the stay while this Court reviews Judge Peterson's findings and order.  Section 3145 mandates prompt resolution of the government's motion, which this Court will most certainly do.

### IV.    CONCLUSION

For all of the foregoing reasons, the United States requests that the Court continue the stay of Magistrate Judge Peterson's order of release pending this Court's final disposition of the government's motion for revocation of release order.

Dated:  June 12, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney

PHILLIP A. TALBERT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>MURAT KURASHEV,<br><br>                    Defendant. | CASE NO.  2:21-CR-00040 KJM<br><br>ORDER CONTINUING STAY OF MAGISTRATE'S RELEASE ORDER |

Pursuant to 18 U.S.C. § 3145(a) and upon consideration of the government's application for a stay of U.S. Magistrate Judge Peterson's release order of the above-named defendant,

IT IS HEREBY ORDERED THAT said release order be stayed pending final resolution in this Court of the government's appeal of the release order.

DATED:  June 13, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE