UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:21-cr-00040-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| Murat Kurashev, | |
| Defendant. | |

Defendant Murat Kurashev moves the court to reconsider its order granting in part the government's motion to revoke the magistrate judge's release order. Mot., ECF No. 121. The government opposes, Opp'n, ECF No. 123, and defendant has replied, Reply, ECF No. 125. The government notes and the defense concedes the "new" information it identifies as supporting, in part, a reopening of bail review proceedings appears only in the reply brief. During hearing on the motion, *see* Mins. Hr'g, ECF No. 126, the government informed the court it was not requesting the opportunity to file a written surreply to respond to this information. Following hearing, the court took the matter under submission. For the reasons below, the court **grants** Mr. Kurashev's motion in part based on two pieces of new information and, given that the bail proceedings thus are reopened for all purposes, **grants** his request for an evidentiary hearing.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit allows parties to file post-judgment motions for reconsideration

1

in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Whether to grant or deny is instead a matter of discretion. *Id.*

Under this court's local rules, any motion for reconsideration must identify "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." *See* E.D. Cal. L.R. 430.1(i). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Mr. Kurashev moves for reconsideration on two grounds arguing: 1) the court committed manifest error in previously granting the government's motion for revocation of bail, and 2) it has now identified new information not previously available. Mot. at 10.[1]

Regarding the first argument, the court has carefully considered the defense position and concludes it has not committed clear error. "To be clearly erroneous, a finding must be more than possibly or even probably wrong; the error must be pellucid to any objective observer." *United States v. Christie*, 825 F.3d 1048, 1058 (9th Cir. 2016) (internal marks and citation omitted). The court acknowledges defendant's arguments regarding 18 U.S.C. § 3142, the facts that distinguish this case from *United States v. Hir*, 517 F.3d 1081, 1084 (9th Cir. 2008), and the placement of the appropriate burdens. *See generally* Mot. In many respects, the court agrees with the defense's articulation of the standards applicable upon review of a magistrate judge's release order. *See, e.g.*, *id.* at 10. The court understands the gravamen of the defense position regarding judicial error to be that the court erred in formulating one aspect of its consideration by asking a "question about Mr. Kurashev's ability or willingness to comply in good faith with conditions," *see, e.g.*, Tr. Hr'g 12:23–25, Mot. Ex. A, ECF No. 121-1, and answering the question by expressing doubt about his ability to so comply in light of certain facts, *id.* 12:25–13:9. In posing the question in

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

the first instance, the court was tracking language of a test set forth in *Hir*, as relevant to considering the effectiveness of proposed release conditions. *See* 517 F.3d at 1093–94 & n.12. The defense challenges the use of such a test in pretrial bail hearings, as conflicting with the Bail Reform Act and improperly shifting the burden to Mr. Kurashev. Mot. at 14–17. Here, even if the defense is correct that passing use of the phrase referencing "ability or willingness to comply in good faith with conditions" is inadvisable, the court's review of its bench order in full leads it to conclude its order complied with the letter and spirit of the Bail Reform Act. In particular, the court believes it properly considered the applicable law including the rebuttable presumption in this federal terrorism case, the section 3142(g) factors, and the parties' burdens with defendant bearing the burden of production and the government always held to the burden of persuasion; the court also concludes it fairly applied the law to the facts of this case. *See* Tr. Hr'g 5:8–13:21. Accordingly, the court declines to grant reconsideration on this ground.

Regarding the defendant's second argument, the court finds Mr. Kurashev has identified new information not previously known. Specifically, Mr. Kurashev has presented information regarding the availability of a new third-party custodian as well as the availability of additional bond resources. *See* Mot. at 10; Reply at 1–2. He has identified Dariya Kondrotova as an additional person who is willing to serve as an individual or joint third-party custodian. Reply at 1–2. In addition, Mr. Kurashev's friend and former colleague, Andrey Kashirskiy, has submitted a letter attesting to Mr. Kurashev's "work ethic and demeanor, dedication to his family, and general good nature," *id.* at 2; *see* Letter, Reply Ex. D, ECF No. 125-2; Mr. Kashirskiy also has represented to the court's Pretrial Services Officer that he is willing to cosign an unsecured bond in an amount up to $200,000 on behalf of Mr. Kurashev. Without reaching the merits of whether the proposed third-party custodianship and additional surety ultimately will meet the Bail Reform Act's requirements, the court finds this new information justifies reopening this court's review of bail to consider anew whether there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g).

For the reasons above, the court **grants** Mr. Kurashev's motion for reconsideration in part. The court also **grants** Mr. Kurashev's request for an evidentiary hearing.  Reply at 1.  The parties shall **meet and confer** and submit a **joint status report** proposing parameters of the evidentiary hearing, the requested date, and any other matter they request the court consider or resolve in confirming a plan for hearing.  The joint status report shall be filed **within fourteen (14) days** of the filed date of this order.

This order resolves ECF No. 121.

IT IS SO ORDERED.

DATED:  August 25, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE