PHILLIP A. TALBERT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

DMITRIY SLAVIN
Trial Attorney
Counterterrorism Section
950 Pennsylvania Ave NW, Suite 7600
Washington, DC 20016
Telephone: (202) 616-2846
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00040 KJM |
|---|---|
| Plaintiff, | MEMORANDUM IN SUPPORT OF AN OPEN GUILTY PLEA |
| v. | |
| MURAT KURASHEV, | DATE: January 8, 2024<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |
| Defendant. | |

## I.   INTRODUCTION

Defendant Murat Kurashev (hereinafter "Kurashev") is charged in the single-count indictment with attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. §§ 3339B(a)(1) and 2. On December 4, 2023, defense counsel notified the Court that Kurashev wanted to plead guilty without a plea agreement on January 8, 2024. The government submits this memorandum in support of the defendant's open guilty plea.

## II.   ELEMENTS OF THE OFFENSE

At trial, the government would prove beyond a reasonable doubt the following elements of the offense to which Kurashev is pleading guilty, specifically, attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § § 2339B(a)(1) and 2:

- The defendant knowingly attempted to provide material support or resources, including financial support, to a designated Foreign Terrorist Organization, namely Hayat Tahir al-Sham (HTS);
- The defendant knew that HTS was a designated Foreign Terrorist Organization, that HTS engaged or engages in terrorist activity, or that HTS has engaged or engages in terrorism.

To prove an attempt, the government must prove that Kurashev intended to provide material support to a designated foreign terrorist organization and took a substantial step toward committing that crime that strongly corroborated the Kurashev's intent to commit that crime. *See* 18 U.S.C. § 2; Ninth Circuit Criminal Instruction 5.3.[1]

### III.   MAXIMUM PENALTIES

Kurashev faces a maximum penalty of up to 20 years in federal prison, a fine of up to $250,000, or both fine and imprisonment, and supervised release of any term of years, up to life.  Kurashev must also pay the mandatory special assessment of $100.  Because Kurashev is not a citizen of the United States, as a result of this guilty plea, Kurashev will be subject to removal from the United States.

### IV.   FACTUAL BASIS FOR GUILTY PLEA

A.   **Rule 11 Requirement for a Factual Basis.**

Rule 11(b)(3) of the Federal Rules of Criminal Procedure requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  The Advisory Committee notes accompanying the 1966 amendment to Rule 11 that requires a factual basis state:  "The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report, or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which

---

[1] As to the final element of the statute regarding HTS's status as a terrorist organization, Kurashev adds "or acted with deliberate indifference" to his proposed version of the offense elements and the factual basis. The text of 18 U.S.C. § 233B(a)(1) requires only that a defendant acts "knowingly" and contains no reference to "deliberate indifference."  Because the text of 18 U.S.C. § 2339B(a)(1) does not support this addition, the United States objects to the inclusion any language regarding acting with deliberate indifference as part of the offense elements and the factual basis.  It is simply not the law.

MEMORANDUM RE: OPEN GUILTY PLEA          2

the defendant has pleaded guilty."

The Ninth Circuit has "previously recognized that district courts may properly employ many different methods to determine that an adequate factual basis exists for a guilty plea under Rule 11(f)." *United States v. Reeves*, 79 Fed. Appx. 990 (9th Cir. 2003) (citing *United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001)).  Further, the factual basis for certain elements may be inferred from other facts admitted by the defendant or proffered by the government.  *See United States v. Marrero–Rivera*, 124 F.3d 342, 352 (1st Cir. 1997) (inferring "factual predicate for the requisite mens rea" from "all the evidence alluded to at the Rule 11 hearing").

### B. United States' factual basis

Between in or about July 2020 and February 2021, while in the Northern and Eastern Districts of California, Kurashev used money transfer services to send approximately $13,000 to two known couriers ("the couriers") of Farrukh Fayzimatov, who is a fundraiser for Hay'at Tahrir al-Sham (HTS), a designated foreign terrorist organization in Syria.  HTS engages and has engaged in terrorist activity and terrorism in Syria.  HTS was designated as a foreign terrorist organization by the Secretary of State at all relevant times to these charges.

Records obtained from the money transfer services corroborate multiple transactions from Kurashev to the couriers in Turkey usually in increments of $1000.  The couriers retrieved the funds often within 24 hours of transfer.  Surveillance footage from money transfer businesses captured Kurashev in the midst of the transactions.  The FBI also located evidence on Kurashev's phone that shows that on or about February 10, 2021, Kurashev transferred $200 worth of Bitcoin directly to a wallet for Fayzimatov.  Fayzimatov sent the wallet address directly to Kurashev via an encrypted mobile messaging application on the same day. Kurashev responded, "sent."  It appears that Kurashev attempted to delete these messages from his cellular device.

Law enforcement's review of social media and encrypted mobile messaging discussions between Kurashev and Fayzimatov, demonstrated that they believed that providing money in support of the HTS's fighters was tantamount to being engaged in violent jihad.  During these conversations with Fayzimatov, Kurashev mentioned that he wished he could join the fight in Syria as a mujahideen and regretted that he could only provide financial support.   The conversations between Fayzimatov and

1  Kurashev make clear that Kurashev was fully aware of Fayzimatov's participation in and work on behalf
2  of HTS and his violent extremist ideology.
3     Additional evidence seized by the FBI revealed that Kurashev followed Fayzimatov's on-line
4  presence and various social media accounts.  Some of Fayzimatov's social media accounts that were
5  viewed by Kurashev included solicitations for money to purchase military equipment, boots, clothing,
6  firearms, and, in one case, a motorcycle.  Kurashev's name and information were provided to an
7  undercover law enforcement operative by Fayzimatov as a means to facilitate funds reaching
8  Fayzimatov.   Fayzimatov described Kurashev as a "good and trustworthy brother."
9     Moreover, FBI forensic analysis of Kurashev's Apple iCloud account revealed it to be replete
10 with violent extremist content, including at least one video depicting HTS fighters.   It appears that
11 Kurashev watched this video while driving his work van along Interstate 80.

### V.   CONCLUSION

13    The government respectfully submits this memorandum for the Court's convenience during the
14 anticipated open change-of-plea hearing.

Dated: January 4, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney

MEMORANDUM RE: OPEN GUILTY PLEA            4